# UNITED STATES DISTRICT COURT
**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Martin Mendez-Madrigal** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **2:11CR02437-001JB**<br>USM Number: **62838-051**<br>Defense Attorney: **Arturo Nieto, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a)(1) and (2) | Reentry of a Removed Alien, 8 U.S.C. Sec. 1326(b)(2) | 06/22/2011 | |

The defendant is sentenced as provided in pages 2 through **5** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**January 18, 2012**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**June 14, 2012**
Date Signed

Defendant: **Martin Mendez-Madrigal**
Case Number: **2:11CR02437-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **46 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

**Pursuant to Section 5D1.1(c), the Court will not impose a term of supervised release.**

Defendant Martin Mendez-Madrigal, pursuant to a Non-Standard Fast Track Plea Agreement, filed October 27, 2011 (Doc. 19)("Plea Agreement"), pled guilty to the Indictment, filed September 14, 2011 (Doc. 10), charging him with a violation of 8 U.S.C. § 1326(a) and (b), that being Re-entry of a Removed Alien. See Plea Agreement ¶ 3, at 2. The Plea Agreement is a nonstandard fast-track plea agreement. See Plea Agreement ¶ 6, at 2-3. The parties agree to a 2-level base offense level reduction pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility and, to the extent applicable, a 1-level base offense level reduction pursuant to U.S.S.G. § 3E1.1(b). See Plea Agreement ¶ 6, at 2. The parties agree, pursuant to the United States Attorney`s Office fast-track plea agreement program and U.S.S.G. § 5K3.1, to a 1-level base offense level reduction; in exchange, Mendez-Madrigal agrees to waive his appellate rights. See Plea Agreement ¶ 6, at 2. The parties reserve the right to "assert any position or argument with respect to the sentence to be imposed" other than with respect to the stipulations contained in the Plea Agreement. Plea Agreement ¶ 8, at 3-4.

On November 17, 2011, the United States Probation Office ("USPO") disclosed the Presentence Investigation Report ("PSR") for Mendez-Madrigal. The PSR calculates Mendez-Madrigal`s base offense level as 8, pursuant to U.S.S.G. § 2L1.2(a). See PSR ¶ 11, at 4. The USPO applies a 16-level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), based on Mendez-Madrigal having been previously deported following a felony conviction for a crime of violence. See PSR ¶ 12, at 4-5. The USPO then reduces his offense level 3 levels, pursuant to U.S.S.G. § 3E1.1, based on his acceptance of responsibility. See PSR ¶ 17, at 6. Based on the Plea Agreement, the PSR further reduces his offense level 1 level and calculates a total offense level of 20. See PSR ¶ 19, at 6. The PSR calculates Mendez-Madrigal`s criminal history category as IV based on 7 criminal history points. See PSR ¶ 27, at 8. A total offense level of 20 and a criminal history category of IV establishes a guideline imprisonment range of 51 to 63 months. See PSR ¶ 41, at 11.

At the January 18, 2012, sentencing hearing, Mendez-Madrigal asked that the Court vary downward from the guideline imprisonment range, but did not ask for a specific sentence. Plaintiff United States of America asserted that a sentence at the low end of the guideline range would be appropriate. Before any downward departure, the offense level is 21 and the criminal history category is IV, establishing a guideline imprisonment range of 57 to 71 months. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and U.S.S.G. § 5K3.1 of the sentencing guidelines, the Court accepts the plea agreement, which agrees to a 1-level reduction in offense level. The Court is satisfied that the agreed-on offense level departs for justifiable reasons. The Plea Agreement is pursuant to a non-standard fast-track plea agreement. In section 401(m)(2)(B) of the PROTECT Act of 2003, Pub. L. No. 109-21, § 401(m)(2)(B), 117 Stat. 650, 675, Congress approved early disposition or fast-track programs if certain conditions are met. The Court believes that these conditions are met in this case, and this departure is in the lower part of the range of departures that Congress allowed. The Court`s sentence will be consistent with the Plea Agreement. There being no disputes about the factual findings in the PSR, the Court adopts them as its own. The Court also adopts the sentencing calculations in the PSR as its own. An offense level of 20 combined with a criminal history category IV establishes a guideline imprisonment range of 51 to 63 months.

The Court notes that Mendez-Madrigal illegally re-entered the United States after previously having been deported and following a felony conviction for a crime of violence. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court recognizes that Mendez-Madrigal`s 2011 felony conviction for Aggravated Assault greatly enhances his total offense level, and, after reviewing the circumstances of this case and the rest of Mendez-Madrigal`s criminal history, the Court concludes that the punishment that is set forth in the guidelines is not appropriate for his offense. A low-end sentence of 51 months is still quite a lengthy sentence given Mendez-Madrigal`s criminal history and the specifics of those crimes. Mendez-Madrigal received seven-years probation for his 2011 aggravated assault conviction, but that conviction led the USPO to apply a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A). The Court believes that it should vary downward, because this one conviction more tripled his adjusted offense level. See PSR ¶¶ 11, 16, at 4-5. Because two of Mendez-Madrigal`s previous

convictions involve the use of knives as a weapon, however, the Court does not believe that it should vary much. In 1998, Mendez-Madrigal was convicted of simple assault in which he waived a knife at another person, and the conduct underlying his 2011 conviction involved Mendez-Madrigal pulling a 10-inch knife on a woman. See PSR ¶¶ 21, 25, at 6, 8. The Court will vary the equivalent of one offense level. An offense level of 19 and a criminal history category of IV, establishes a guideline imprisonment range of 46 to 57 months. The Court will sentence Mendez-Madrigal to 46-months imprisonment.

A 46-month sentence is still lengthy and the Court finds that this sentence continues to reflect the seriousness of the crime as well as Mendez-Madrigal`s two convictions in which he used a knife as a weapon. The Court also believes that this sentence promotes respect for the law and provides a more just punishment. The Court notes that not all crimes of violence are equal and the Court has seen far worse crimes of violence than this aggravated assault. The Court finds that sentencing Mendez-Madrigal below the 50-month range takes into account that his crime-of-violence conviction was for an aggravated assault, and not something like murder or rape. The Court also concludes that this sentence provides specific and general deterrence, because the State of Georgia sentenced Mendez-Madrigal only to probation for his aggravated assault, and this federal sentence will be for significantly more time. Although the Court is concerned about the violent nature of some of Mendez-Madrigal`s previous convictions, the Court believes that this sentence will protect the public. The Court notes that this sentence is the longest one that Mendez-Madrigal has received for any conviction: (i) for his 1998 simple assault conviction, Mendez-Madrigal served 30 days in jail with the rest of his 12-month sentence suspended; (ii) for his 2001 convictions, for driving under the influence, failure to maintain lane, and defective equipment, Mendez-Madrigal was sentenced to 12-months probation; (iii) for his 2004 convictions, for driving under the influence and driving without a license, Mendez-Madrigal was sentenced to 12-months probation and 2 days in jail; (iv) for his 2009 simple battery conviction, Mendez-Madrigal was sentenced to 60 days in jail and 12-months probation; and (v) for his 2011 battery and aggravated assault convictions, Mendez-Madrigal was sentenced to seven-years probation. See PSR ¶¶ 21-25, at 6-8. This sentence appears to be the first serious sentence that Mendez-Madrigal has received. The Court also notes that it has varied only five months and concludes that the variance is not so substantial that it would create an unwarranted sentencing disparity among defendants with similar records who have been convicted of similar conduct.

The Court finds that a 46-month sentence fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient, but not greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Mendez-Madrigal to 46-months imprisonment.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at  on
    ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on
    ☐ as notified by the United States Marshal
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ with a Certified copy of this judgment.

|                                   |
| --------------------------------- |
| UNITED STATES MARSHAL             |

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Martin Mendez-Madrigal**
Case Number: **2:11CR02437-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐   The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
|  | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☒   In full immediately; or
B   ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.